# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3585 | **DATE** | 5/15/2012 |
| **CASE TITLE** | Anaeme vs. United States | | |

**DOCKET ENTRY TEXT**

Plaintiff Chibueze C. Anaeme's petition for leave to proceed *in forma pauperis* [3] is granted, but the complaint is dismissed with prejudice.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

---

## STATEMENT

Plaintiff Chibueze C. Anaeme has filed a 46-page complaint, 27 pages of which are the names of his desired defendants. He has also filed a petition for leave to proceed *in forma pauperis*, noting that his last employment was in December 2007 and that his only assets, his home and his automobile, are encumbered as a result of divorce proceedings. Thus, the court finds that Mr. Anaeme qualifies for *in forma pauperis* status, and grants that motion.

However, the court will dismiss the complaint with prejudice. Mr. Anaeme is a serial litigator, filing frivolous complaints all over the United States. The general allegations in this case, as in many other of his complaints, involve a denial of his attempt to transfer his pharmaceutical license via reciprocity—this time to the State of New York. The named defendants include, *inter alia*, the United States of America, various state and federal judges, prosecutors and public defenders, police personnel, psychiatrists, security officers, public transportation employees, and members of the National Association of Boards of Pharmacy. Mr. Anaeme brings claims for negligence, conspiracy, disparate treatment and intentional infliction of emotional distress. If that were not enough, he also seeks permission to amend his complaint after discovery to name, among others, the United States Postal Service, Federal Express, towing companies, airports, storage centers, Toyota Motor Company, and U-Haul.

Mr. Anaeme has been warned, time and time again, that these types of pleadings are frivolous. *See, e.g.*, *Anaeme v. United States*, No. 2:11-CV-01573-JCM, 2012 WL 424600 (D. Nev. Feb. 9, 2012); *Anaeme v. United States*, No. 3:12-CV-418-ST, 2012 WL 1282169 (D. Or. Mar. 14, 2012); *Anaeme v. Maine Bd. of Pharm.*, No. 1:11-CV-00375-DBH, 2011 WL 5507207 (D. Me. Nov. 4, 2011); *Anaeme v. United States*, No. 3:11-CV-1160-ST, 2011 WL 5439439 (D. Or. Oct. 7, 2011); *Anaeme v. Med. Staffing Network*, No. 05-434 JB/LFG, 2005 WL 3665085 (D.N.M. Sept. 29, 2005). In fact, he has been chastised not only by the district courts, but by at least one federal court of appeals. *See Anaeme v. Med. Staffing Network Allied*, 204 F. App'x 759 (10th Cir. 2006) ("This is not the first appeal by Mr. Anaeme dismissed for frivolousness, for lack of appellate jurisdiction, or for failure to prosecute. *See Anaeme v. Peterson*, No. 05-2360, --- Fed.Appx. ----, 2006 WL 3200918 (10th Cir. Nov. 6, 2006) (dismissed as frivolous); *Anaeme v. Peterson*, No. 04-2297 (10th Cir. Sept.

## STATEMENT

14, 2005) (dismissed for lack of appellate jurisdiction); *Anaeme v. Peterson*, No. 04-2274 (10th Cir. Feb. 10, 2005) (dismissed for lack of appellate jurisdiction); *Anaeme v. Presbyterian Health*, No. 00-2007 (10th Cir. Apr. 4, 2000) (dismissed for failure to prosecute). We caution Mr. Anaeme that a continued pattern of filing frivolous or abusive appeals may subject him to filing restrictions in this or other courts."). Thus, this court sees no need to provide Mr. Anaeme a detailed discussion of why this complaint cannot succeed on the merits. Many courts have already explained why Mr. Anaeme's desired defendants are largely immune from suit, that he must allege facts that relate to each defendant he attempts to name, and that there must be some reason for venue to lie in a particular court. Mr. Anaeme often appears to ignore this advice, abandoning any attempt to amend his complaint to correct the issues that have been carefully and clearly pointed out to him. *See, e.g.*, *Anaeme v. United States*, No. 3:12-CV-418-ST, 2012 WL 1280416 (D. Or. Apr. 16, 2012); *Anaeme v. United States*, No. 3:11-CV-1160-ST, 2011 WL 5439410 (D. Or. Nov. 8, 2011); *Anaeme v. Maine Bd. of Pharm.*, 2011 WL 5507207, at *3. For these reasons, the complaint is dismissed with prejudice pursuant to 28 USC § 1915(e)(2)(B).